# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOIAKAH GRAY (# K-70373), | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 17 C 258 |
| | ) |
| STEPHANIE DORETHY, Warden, | ) |
| Hill Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Doiakah Gray, who is serving an eighty-year prison term after an Illinois jury convicted him of a murder he committed as a teenager, has petitioned the Court for a writ of habeas corpus. 28 U.S.C. § 2254. He alleges that his sentence violates *Miller v. Alabama*, 567 U.S. 460 (2012), as the sentencing judge failed to adequately consider his age as a mitigating factor. Stephanie Dorethy, the warden of the prison where Gray is incarcerated, has moved to dismiss his petition on the ground that it is barred under the statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d)(1).

## Background

Gray, while seventeen years old, killed Don Rietveld on the night of December 2, 1994. A Cook County jury convicted Gray of murder, and a judge sentenced him to eighty years in prison in December 1998. He appealed, alleging several errors by the trial court, but the state appellate court affirmed his conviction. He did not file a petition

for leave to appeal to the Illinois Supreme Court.

On June 24, 2002, Gray filed a post-conviction petition in which he alleged ineffective assistance of counsel and that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). A state trial judge denied his petition. The Illinois appellate court affirmed the denial on February 17, 2006, and the Illinois Supreme Court denied his petition for leave to appeal on September 27, 2006. He then filed a petition for habeas corpus under 28 U.S.C. § 2254, which this Court denied. *United States ex rel. Gray v. McCann*, No. 06 C 6058, 2007 WL 2915631 (N.D. Ill. Oct. 3, 2007). A second post-conviction petition, in which Gray raised new ineffective assistance of counsel arguments, was also denied by the state courts.

On June 25, 2012, the Supreme Court recognized a new constitutional right: mandatory life sentences without possibility of parole for juvenile offenders violate the Eighth Amendment. *Miller*, 567 U.S. at 465. Several years later, in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the Supreme Court ruled that *Miller* applied retroactively.

On September 4, 2013—a little over fourteen months after the Supreme Court decided *Miller*—Gray filed a petition in Illinois state court for leave to file another post-conviction petition to challenge his sentence. A state trial judge denied his request, and the state appellate court affirmed. The Illinois Supreme Court denied Gray's petition for leave to appeal on November 23, 2016 and denied his motion for reconsideration on January 27, 2017.

Gray applied to the Seventh Circuit on December 23, 2016 for leave to file a second habeas corpus petition. The court granted his request on January 12, 2017.

2

*Gray v. Dorethy*, No. 16-4236 (7th Cir. 2017) (order authorizing the district court to entertain a second petition for collateral review). The present petition followed.

## Discussion

Gray seeks a writ of habeas corpus based on what he alleges to be an unconstitutional sentence under *Miller*. Dorethy argues Gray filed the present petition long after the deadline for his habeas corpus petition had passed. 28 U.S.C. § 2244(d)(1). Gray contends his petition is timely. He also argues that, if the petition is time-barred, the "actual innocence" exception to procedural default excuses his untimely petition, because he is innocent of his sentence, though not of the underlying conviction.

The Court first reviews whether Gray's petition is time-barred. It next reviews whether the actual innocence exception is available to Gray to excuse an untimely petition. Finally, the Court considers whether to issue a certificate of appealability.

**I.     Section 2244(d)(1)**

A person filing a habeas corpus petition under section 2254 must meet the time limitations imposed by section 2244(d)(1). The statute imposes a one-year limit on the petitioner, which is measured from the latest of four events described in the statute. Dorethy argues that Gray's petition is untimely if one considers either of the two triggers in section 2244(d)(1) that are relevant to his petition. Gray contends that his petition may be found timely under the more recent of the two events.

The first of the events in section 2244(d)(1) relevant in this case is "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Gray, direct review concluded

3

on January 15, 2002, the last day that Gray could have filed a petition for leave to appeal to the Illinois Supreme Court. He did not file such a petition, and thus the limitation period began to run the next day. The clock stopped 159 days later, on June 24, 2002, the date Gray filed his first post-conviction petition, as the statute stops the limitation period while an individual litigates a properly-filed post-conviction petition. *Id.* § 2244(d)(2). On September 28, 2006, the day after Gray exhausted appellate review of his unsuccessful petition, the clock, which had 206 days remaining, began to run again. On April 21, 2007, 206 days later, the limitation period ran out. Gray does not contest this calculation. Thus if the one-year limitation period is measured from the end of direct review under section 2244(d)(1)(A), Gray's petition is untimely.

The second of the events in section 2244(d)(1) relevant to this case is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C). Although Dorethy argues this event is inapplicable to Gray's petition because *Miller* does not apply to the facts of his case, the Court may assume it does without deciding the applicability of *Miller*, as Gray's petition is time-barred under this provision as well.

The primary dispute is over which date starts the clock if section 2244(d)(1)(C) applies. Dorethy argues that it is June 25, 2012, the date that *Miller* was decided. Gray argues it is January 25, 2016, the date that *Montgomery* made *Miller* retroactively applicable. *Montgomery*, 136 S. Ct. at 732.

In *Dodd v. United States*, 545 U.S. 353 (2005), the Supreme Court held that the statute of limitations begins to run on the date that the Court announces a new right, not

4

the date that the Supreme Court makes the right retroactive. *Id.* at 357. Though *Dodd* dealt with a § 2255 petitioner, the Seventh Circuit extended *Dodd* to § 2254 petitioners like Gray, whose claim arises from a state-court judgment. *Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005). AEDPA itself instructs that the relevant date is when "the constitutional right asserted was *initially recognized* by the Supreme Court . . . ." 28 U.S.C. § 2244(d)(1)(C) (emphasis added). Thus it is *Miller*, not *Montgomery*, that started the one-year clock on Gray's petition. *Miller* was decided on June 25, 2012, and therefore the time for Gray to file a federal habeas corpus petition ran out on June 25, 2013. Gray's last state post-conviction petition was filed a little over two months after that, on September 4, 2013. In other words, the one-year federal limitation period had already run out by the time Gray first asserted his *Miller*-based claim in state court.

Gray argues that enforcing the one-year limitation period is unfairly burdensome, because it would have taken more than a year to exhaust his state remedies, as required to bring a habeas corpus petition. Pet.'s Resp. at 18 ("It is difficult for this petitioner to imagine any legal process in the State of Illinois that would allow a state prisoner to present his constitution violation(s) to the circuit court, appellate court, and Illinois Supreme [sic] within one year." (emphasis omitted)). That reflects a misunderstanding of how the habeas corpus statute of limitations works. Under 28 U.S.C. § 2244(d)(2), the one-year period is tolled "during which a properly filed application for State post-conviction or other review with respect to the pertinent . . . claim is pending." Thus although AEDPA imposes a statute of limitations, compliance is not impossible. If Gray had filed his state post-conviction petition within one year after the Supreme Court's decision in *Miller*, that would have stopped the clock, and once the

5

state courts had completed their review, he still would have had time to file a federal habeas corpus petition. Instead, however, Gray waited for well over a year after *Miller* to file a state post-conviction petition.

For the foregoing reasons, the Court concludes that Gray's petition is time-barred, irrespective of whether the calculation is based upon the date that direct review terminated or the date that the Supreme Court recognized new rights in *Miller*. Nor can Gray use his petition to challenge his sentence on the basis of *Montgomery* alone. Pet.'s Resp. at 25-29. Gray may only bring a viable petition under section 2244(d)(1)(C) if he can present a newly recognized constitutional right. *Miller*, not *Montgomery*, announced a new right. *Montgomery*, 136 S. Ct. at 736. *Montgomery* is insufficient on its own to propel Gray's petition through section 2244(d)(1)(C).

## II. Actual innocence

Gray next argues that he may escape the time limitation altogether. His argument is that he is actually innocent of his sentence, though not the crime of which he was convicted, and that petitioners who are actually innocent may escape procedural barriers. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . notwithstanding the existence of a procedural bar to relief." *Id.* at 1931. Although *McQuiggin* does permit some procedurally barred petitions to proceed, this Court finds that Gray's is not one of them, for two reasons.

First, though the actual innocence exception applies to petitioners facing the death penalty, it generally does not apply to non-capital sentences. Gray's brief emphasizes *Mills v. Jordan*, 979 F.2d 1273 (7th Cir. 1992), in which the Seventh Circuit

extended the exception to non-capital sentences. *Id.* at 1278. *Mills*, however, is no longer good precedent, as it was decided before the passage of AEDPA. The Seventh Circuit subsequently recognized that AEDPA abrogated *Mills* by imposing strict statutory limits on habeas corpus petitions. *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997).

Second, even if the Court found that the actual innocence exception applies to Gray's non-capital sentence, Gray still would have to persuade the Court that the judge's failure to consider his age at sentencing renders him actually innocent. Typically, a petitioner challenging a non-capital sentence who seeks to use the actual innocence exception must demonstrate that he is innocent of a factual matter upon which the sentence was based. *See, e.g., United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (finding that petitioner was not actually innocent of his non-capital sentence enhancement simply because the underlying prior convictions had been vacated, as "actual innocence does not extend to non-factual challenges"). Gray does not suggest that he is actually innocent of the facts supporting his conviction. Instead, he argues he is actually innocent of his sentence because the sentencing judge failed to consider his age in spite of *Miller*. Applying the exception in Gray's case would be inconsistent with the other cases in which the exception was applied to non-capital sentences and with Supreme Court's admonition that the exception is a narrow one. *McQuiggin*, 133 S. Ct. at 1928 ("We caution . . . that tenable actual-innocence gateway pleas are rare.").

### III. Certificate of appealability

A district court that rules against a habeas corpus petitioner must also decide

7

whether to issue a certificate of appealability (COA). For a petitioner whose claims are denied on procedural grounds, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court determination that Gray's petition is time-barred and cannot be excused through the actual innocence exception is not fairly debatable. The Court therefore declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the Court grants Dorethy's motion to dismiss Gray's petition for habeas corpus as time-barred [dkt. no. 22] and therefore dismisses the petition [dkt. no. 1]. The Court declines to issue a certificate of appealability. The Clerk is directed to enter judgment dismissing the petition for habeas corpus.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 26, 2017